IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ELBERT DAVIS                                                                                    PLAINTIFF

v.                                                                                        No. 4:19CV60-RP

CIRCUIT COURT OF WASHINGTON COUNTY, ET AL.                         DEFENDANTS

ORDER DISMISSING CASE
AS UNTIMELY FILED

The court ordered [7] the plaintiff to show cause why the instant case should not be dismissed as untimely filed. He has not responded to the order, and the deadline for doing so has expired. In the interest of completeness, the court will restate the relevant parts of the previous order.

Elbert Davis filed a complaint under 42 U.S.C. § 1983 challenging the validity of a search and seizure leading to his conviction. Section 1983 provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *See* 42 U.S.C. § 1983. The plaintiff challenges the warrantless search of a home, which resulted in the seizure of bedsheets and clothing. Those items were later introduced into evidence during a criminal trial and used to convict the plaintiff for sexual battery. The search occurred on May 1, 2013. According to the Mississippi Department of Corrections website, Mr. Davis was convicted on December 11, 2013,[1] for sexual battery and sentenced to incarceration for 22 years and six months. His tentative release date is June 29, 2036.

---

[1] See *Davis v. State of Mississippi, 2017-M-1493* (Miss. S. Ct.) (Application for Leave to Proceed in Trial Court filed October 30, 2017). The court takes judicial notice of the record of the petitioner's state court proceedings in the circuit court, the Mississippi Supreme Court and the Mississippi Court of Appeals. *See Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976).

## Raising an Affirmative Defense *Sua Sponte*

Generally, an affirmative defense must be pled, and not raised by the court *sua sponte*. A court may, however, do so when all of the relevant facts are contained in the record before the court and are uncontested. *Mowbray v. Cameron County, Texas*, 274 F.2d 269 (5th Cir. 2001). In that situation, "we may not ignore their legal effect, nor may we decline to consider the application of controlling rules of law to dispositive facts, simply because neither party has seen fit to invite our attention by technically correct and exact pleadings." *Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. Unit A Mar. 1981). In the present case, the facts are uncontested, and the legal outcome appears unambiguous.

## Statute of Limitations in a § 1983 Case

A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is Miss. Code Ann § 15-1-49, which allows a litigant three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). Mr. Davis clearly knew of the search and seizure at least by the time of his December 11, 2013, conviction and sentencing. As such, the deadline for seeking relief under § 1983 expired three years later on December 11, 2016. Mr. Davis filed the instant case on April 11, 2019, over two years beyond the deadline. As such, the instant case is **DISMISSED** as untimely filed.

**SO ORDERED**, this, the 1st day of July, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE